_____ FILED _____ LODGED
_____ RECEIVED

Feb 13, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Magistrate Judge David W. Christel

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANGEL ALEJANDRE, and

DILAN ZAMORA GARCIA,

    Defendants.

NO. 3:25-mj-05051

COMPLAINT FOR VIOLATIONS
21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 924(c)

BEFORE the Honorable David W. Christel, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Possession of Controlled Substances with Intent to Distribute)**

On or about February 11, 2025, in Clark County, within the Western District of Washington, ANGEL ALEJANDRE and DILAN ZAMORA GARCIA, did knowingly and intentionally possess, with the intent to distribute, controlled substances, including: methamphetamine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (*fentanyl*), substances controlled under Title 21, United States Code.

//

//

COMPLAINT-
*United States v. Alejandre, et al.* -1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 2

### (Possession of a Firearm in Furtherance of a Drug Trafficking Offense)

On or about February 11, 2025, in Clark County, within the Western District of Washington, DILAN ZAMORA GARCIA knowingly possessed firearms, to wit: a Smith & Wesson model 469 handgun and a Ruger 22/45 handgun, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States: *Possession of Controlled Substances with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as alleged in Count 1 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

And the complainant states that this Complaint is based on the following information:

I, Garrett Driscoll, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives in Portland, Oregon, having been first duly sworn on oath, hereby depose and state as follows:

### AFFIANT BACKGROUND & INTRODUCTION

1.      I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since April 2023. I am currently assigned to the Portland, Oregon Field Office in the Seattle Field Division. My training includes 27 weeks of Criminal Investigator and ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. During this training I received instruction relating to federal law violations, investigation strategies, evidence collection, interview techniques, and search and seizure. As a Special Agent with ATF, part of my duties and responsibilities include conducting criminal investigations for possible violations of federal firearms, explosives, and arson laws. I have assisted in

COMPLAINT-
*United States v. Alejandre, et al.* -2

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

numerous investigations including but not limited to violent crime, firearms trafficking, and narcotics distribution. Due to my training and experience, I am familiar with methods and techniques used by firearm and narcotics distributors to conduct and conceal their unlawful activities.

2.      The information in this Complaint is based on information provided to me by other agents, officers, and witnesses, and information gained through my training and experience. All dates and times listed are approximate unless otherwise noted.

3.      As set forth below, based on the facts set forth in this Complaint, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances, have been committed by ANGEL ALEJANDRE and DILAN ZAMORA GARCIA, and violations of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking offense, have been committed by DILAN ZAMORA GARCIA.

## SUMMARY OF THE INVESTIGATION

4.      The United States is conducting a criminal investigation of suspected drug distribution and weapons violations involving Dilan Zamora Garcia and Angel Alejandre. On February 12, 2025, the ATF learned that the Vancouver Police Department (VPD) had arrested Alejandre and Zamora Garcia and subsequently located firearms and illegal narcotics.

### Reports of "Shots Fired" – Vancouver PD

5.      On February 11, 2025, VPD received multiple calls from residents near the 2400 block of Carlson Rd., Vancouver, Washington. Callers reported to VPD that they heard what they believed to be "gunshots" and "loud music" in the 2400 block of Carlson Road. As officers with VPD arrived in the area they too reported hearing a volley of "5 or 6" gun shots coming from a house in the area. Officers located a black Volkswagen Jetta parked in the driveway of 2401 Carlson Road playing loud music and with both the front

COMPLAINT-
*United States v. Alejandre, et al. -3*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

driver and front passenger doors open. Officers observed two males standing in the driveway next to the vehicle parked in front of the house. Officers observed one of the males to be holding a firearm in his hand.

6. Officers gave loud verbal commands to both males to drop any weapons and get on the ground. The unarmed male complied with those commands. However, the male holding a firearm dropped his firearm but would not follow the other commands. VPD officers moved towards the previously armed male and wrestled him to the ground. Both males were detained without further incident. The male observed to be holding the firearm by officers was later identified as Dilan Zamora Garcia, while the other male was identified as Angel Alejandre. The firearm Zamora Garcia was initially holding was later found lying on the ground in the area of his detainment. The firearm was identified as a Smith & Wesson model 469 handgun, chambered in 9 mm.

7. Officers observed that the front door to the residence at 2401 Carlson Road was open. Unsure of the circumstances of Zamora Garcia and Alejandre's apparent shooting of firearms in the area and concerned for the safety and well-being of any possible residents at 2401 Carlson Road, officers announced their presence loudly into the residence of 2401 Carlson Road and then entered to ensure no persons were injured. While conducting their safety sweep of the residence, officers observed "sever [sic] bags of a white crystalline substance that appeared to be methamphetamine, as well as a silver and black handgun on the kitchen counter." Upon determining that the residence was secure and there were no injured parties, officers exited the residence and secured it so no one could enter it. Officers located several 9mm casings in the driveway of the residence near where Zamora Garcia and Alejandre were detained.

8. Ofc. Haigwood and his K-9 Remi conducted a sniff of the VW Jetta that was also secured by VPD after determining it was safe. Ofc. Haigwood relayed to VPD

COMPLAINT-
*United States v. Alejandre, et al.* -4

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Ofc. Price that Remi had "alerted" at two different locations on the vehicle which Ofc. Haigwood said was "a positive indication to the odor of controlled substances."

Search Warrant Execution for 2401 Carlson Rd., Vancouver, WA and VW Jetta

9.     VPD officers requested, and were granted, a search warrant for the residence at the above listed address and for the VW Jetta parked in the driveway of 2401 Carlson Road.

10.     During the search of the residence listed above, officers located the following items:

a.     a Ruger 22/45 (SN: 220-27257) handgun;

b.     one .22 caliber round in the chamber of the Ruger handgun;

c.     one .22 caliber round on the stove in the kitchen;

d.     9 mm ammunition on the kitchen counter;

e.     a black switchblade knife with powder residue on the kitchen counter;

f.      misc. documents (incl. money order receipts) and title paperwork for Chevrolet Sonic;

g.     a grocery bag containing commercial amount of prepackaged blue "M30" pills (suspected fentanyl) in the primary bedroom;

h.     one functioning digital scale found inside a plastic container in the primary bedroom which the blue pills had been sitting on;

i.     multiple cell phones;

j.     unused quart and gallon size Ziploc bags;

k.     seven large plastic bags filled with "a crystalline substance" believed to be methamphetamine;

l.      a large money counter; and

m.      a large amount of assorted US currency in a 7-Eleven bag next to the money counter.

COMPLAINT-
*United States v. Alejandre, et al.* -5

11.    The "crystalline substance" field tested presumptively positive for methamphetamine. The weight of the methamphetamine was approximately 5,560 grams, and the weight of the suspected fentanyl pills was 1,858 grams. The assorted US currency was found to be approximately $116,428 in value.

12.    During the search, VPD was able to determine that Alejandre was staying at the Best Western Inn located at 11506 NE 3rd Street, Vancouver, Washington. A black Chevy Sonic bearing the same VIN as the paperwork located inside 2401 Carlson Road was found parked at the hotel listed above. Hotel staff at that address advised VPD that both Alejandre and Zamora Garcia were registered occupants of the hotel, and both were staying in Room 232. Both had stayed at the hotel since February 5, 2025, and both allowed the hotel staff to scan their identification cards for the hotel file. VPD requested, and was granted, a search warrant for that hotel room and Chevy Sonic.

Search Warrant of Room 232 at Best Western Inn & Chevy Sonic

13.    VPD Officers secured the above listed hotel room and found it to be unoccupied. During their search, VPD located the following items inside the hotel room:

a.    a black and brown backpack containing approximately 440 grams of blue pills (suspected fentanyl) separated into four separate baggies;

b.    a large digital scale;

c.    a bag filled with approximately 134 grams of "suspected methamphetamine";

d.    a cell phone; and

e.    unused Ziploc bags.

Interview of Dilan Zamora Garcia

14.    Shortly after his arrest, VPD interviewed Zamora Garcia post-*Miranda*. Zamora Garcia admitted that he distributed methamphetamine. Zamora Garcia also stated he lived alone at 2401 Carlson Road and that there were no other occupants living there with him. Zamora Garcia admitted to owning "at least two firearms, one of which was the

COMPLAINT-
*United States v. Alejandre, et al.* -6

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

firearm that police had located nearby in the front yard when he was detained." Zamora Garcia stated he carried the firearms "for protection" due to having been "robbed previously by some drug clientele." Zamora Garcia stated that Alejandre was a friend of his visiting from California and that Alejandre was staying at a hotel in Vancouver.

Interstate Nexus of Smith & Wesson Model 469

15. ATF Special Agent Bogumill, an interstate Nexus expert, advised that the Smith & Wesson Model 469 handgun recovered from Zamora Garcia at 2401 Carlson Road, Vancouver, Washington, was not manufactured in the state of Washington. Therefore, the firearm affected interstate commerce.

Training and Experience

16. I know based upon my training and experience, and my conversations with other experienced drug investigators, that methamphetamine is typically used in quantities of one tenth (.1) to one quarter (.25) of a gram, either intravenously or by being smoked. A quarter gram of methamphetamine on the street can sell for around $20 and a pound of methamphetamine can generally sell, depending on many factors including quality and supply, for between $1,700 to $2,500. A person possessing approximately 5,500 grams of methamphetamine does not possess it for personal use. Scales and smaller packaging baggies are other common indicators of distribution when found with controlled substances.

17. I know that drug distributors are increasingly selling counterfeit "M30" prescription pills that are manufactured with fentanyl. I have seen and handled thousands of these counterfeit "M30" pills. Of the samples I have handled that were sent for official laboratory testing, laboratory reports have always confirmed the presence of fentanyl in them. I also know a user amount of a counterfeit "M30" pill is often one pill at a time, which can either be ingested, or burned and inhaled. Some users I have personally debriefed may use up to 20 pills per day. These pills can sell on the street to a user for

COMPLAINT-
*United States v. Alejandre, et al. -7*

between $5 to $20 per pill. A person possessing approximately 1,858 grams of suspected counterfeit "M30" pills does not possess those pills for personal use.

18.    I also know, from my training and experience, that firearms are considered "tools of the trade" for drug distributors and used in furtherance of their illegal drug distribution activities. I know that drug dealing is both a cash business and a very dangerous business. Drug distributors regularly arm themselves with firearms to protect themselves, their drugs, their profits, and livelihood, thus ensuring they can continue their drug distribution activities.

## CONCLUSION

19.    Based on the above facts, I respectfully submit that there is probable cause to believe that ANGEL ALEJANDRE and DILAN ZAMORA GARCIA did knowingly possess with intent to distribute controlled substances (fentanyl and methamphetamine), in violation of Title 21, United States Code, Sections §§ 841(a)(1) and (b)(1)(C).

20.    Based on the above facts, I respectfully submit that there is probable cause to believe that DILAN ZAMORA GARCIA possessed firearms in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section § 924(c).

21.    Under Federal Rule of Criminal Procedure 4.1, this complaint is presented by reliable electronic means.

*Garrett Driscoll*

_____
GARRETT DRISCOLL, Complainant
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

COMPLAINT-
*United States v. Alejandre, et al. -8*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The above-named agent provided a sworn statement telephonically attesting to the truth of the contents of the foregoing affidavit on February 13, 2025. Based on the complaint and sworn affidavit, the Court finds that there is probable cause to believe that the defendants committed the offenses set forth in the complaint.

_____
THE HON. DAVID W. CHRISTEL
United States Magistrate Judge

COMPLAINT-
*United States v. Alejandre, et al. -9*